## Town of Bellevue v. Rentz

(Decided February 25, 1913.)

### Appeal from Campbell Circuit Court.

1.  Municipal Corporations—Permit to Contractor to Use Part of Street —Notice.—A city granting a permit to a street contractor to use

a part of the street, is bound to take notice of what is done under its permit, just as it would be in the case of an adjoining owner who is improving his own property.

2. Municipal Corporations—Permit to Contractor to Use Part of Street—When City Not Liable for Injuries.—The city is not bound to anticipate that the contractor will go beyond the authority granted him, and if he does so without notice to it, the city is not liable for an injury resulting therefrom.

3. Instructions—Pleading.—The instructions should be confined to the cause of action stated in the petition.

ARTHUR SHACKELFORD, and OTTO WOLFF, for appellant.

HUBBARD SCHWARTZ, and BRENT SPENCE, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Mayme Rentz brought this suit against the Town of Bellevue and Edward J. Knepfle, charging in her petition that Knepfle while reconstructing Fairfield Avenue under authority of the city, placed on the outer edge of the sidewalk, bags of cement, and put over them a canvas cover anchored in position by large paving bricks which extended over and upon the sidewalk; that while walking along the sidewalk, she stepped upon one of these bricks, and sprained her ankle. The defendants filed an answer controverting the material allegations of the petition, and the case being submitted to a jury there was a verdict and judgment in favor of the plaintiff for $230 against both of the defendants. They appeal.

The facts of the case are these: The city of Bellevue made a contract with Knepfle to reconstruct the carriage way of the street, and authorized him to use the outer four feet of the sidewalk with his building material, but required him to leave unobstructed the other seven feet of the sidewalk. He piled his cement and brick upon that part of the sidewalk which the city authorized him to use, being the grass plot between the pavement and the curb. According to the proof for the plaintiff, the canvas cover which was placed over the cement extended over on the pavement, and the bricks which were placed upon the canvas to hold it down, were within the seven feet of the pavement which under the orders of the city he was not allowed to use. According to the proof for Knepfle, the bricks were placed up against the bags of cement, and were not out upon the pavement. The bricks had been placed there that afternoon after the work

ceased by the guard whom Knepfle left in charge, and
the accident to the plaintiff happened soon after dark.
According to the proof for the plaintiff the injury to
her was due to her stepping on one of these bricks but
the defendants' proof tended to show that there was a
gutter there, and that she sprained her ankle on the
gutter. There was no proof that the city knew or had
reason to anticipate that these bricks would be placed
in the sidewalk.

We have held in several cases that where the city
authorizes work to be done, or a part of a street to be
obstructed while the work is going on, it must take notice
of the obstruction which it has authorized, and see that
the highway is kept reasonably safe. (City of Louisville
v. Keher, 117 Ky., 841; Board of Councilmen v. Allen,
26 R., 583; Blocher v. Dieco, 99 S. W., 606; Grider v.
Jefferson Realty Co., 116 S. W., 691.) We see no reason
for a distinction between the case where the city gives
the permit to a property owner who is improving his
own property, and the case where the permit is granted
to an independent contractor who is reconstructing the
street. In either case the obstruction is placed in the
street by authority of the city and in either case, the
city is equally bound to take notice of what it has au-
thorized to be done. But the authority of the city to
do one thing is not authority for the doing of another
thing. While the city must take notice of obstructions
which it authorizes, it is not required to anticipate that
the person receiving the permit, will exceed his authority
and do that which he is not authorized to do. No one
is required to presume that another will act unlawfully,
and this rule applies to cities as well as individuals.
When the city authorized Knepfle to obstruct the grass
plot with his cement, it was not required to anticipate
that he would put brick on the pavement, which was to
be left free and unobstructed. In the Keher case above
cited, the obstruction had remained for weeks and the
city had notice of it. In District of Columbia v. Wood-
bury, 136 U. S., 450, cited in the Keher case, the city
had granted a permit for the digging of a hole in the
sidewalk, and it was held that it was its duty to see that
the hole was lighted or protected. In Board of Council-
men v. Allen, as in the Keher case, the danger was
known to the city, and had been acquiesced in by it.
When the city authorizes by permit a thing to be done,

it should anticipate those things which are a reasonable and natural consequence of the doing of the thing; and where it permits brick to be negligently piled near the sidewalk, so that they fall upon it, it may be held answerable on this ground, as in Blocher v. Dieco above cited. But we see no sound reason for holding the city liable, where it has not authorized the thing to be done, does not know it has been done, and has no reason to anticipate it will be done. Such was in fact the case of Hazelrigg v. Board of Councilmen of Frankfort, 92 S. W., 584, where rock were placed by a contractor in the street a few hours before the accident, without the knowledge of the city. We therefore conclude that the city's motion for a peremptory instruction should have been sustained.

As to Knepfle there was sufficient evidence to take the case to the jury, but the court erred in submitting the case to the jury, in that by his instructions matters were submitted outside of the pleadings; the piles of cement did not cause the plaintiff's injury, and there is no complaint of them in the petition. The complaint is of the bricks placed on the sidewalk. The real issue in the case is whether the bricks were placed as shown by the evidence for the defendant or as shown by the evidence for the plaintiff. In the former state of case they could not have caused the injury as plaintiff was walking on the pavement, and far enough from the cement to fall upon it when her foot gave way. In the latter state of case the bricks were a nuisance. This issue should be sharply presented to the jury by the instructions. In lieu of the first instruction on another trial the court will tell the jury in substance that if they believe from the evidence that the defendant, Edward Knepfle or his servants or any of them, placed bricks upon the pavement, extending out beyond the bags of cement, and rendering the pavement not reasonably safe; and that the plaintiff by reason thereof, was injured, without negligence on her part as set out in No. 4, they should find for her. In lieu of the second instruction he will tell the jury that unless they find as set out in No. 1, they should find for the defendant. The other instructions are correct.

Judgment reversed and cause remanded for further proceedings consistent herewith.